UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BLAIRE DEROUEN | : | CIVIL ACTION NO. _____ |
| | : | |
| VS. | : | JUDGE _____ |
| | : | |
| FEDNAT INSURANCE COMPANY | : | MAGISTRATE JUDGE _____ |

*************************************************************************

## COMPLAINT

Plaintiff, Blaire Derouen, through her undersigned attorneys, alleges as follows:

### NATURE OF ACTION

1.

This is an action by Blaire Derouen for damages against her homeowner's insurance company, Fednat Insurance Company (hereinafter referred to as "Fednat"), for its failure to pay the full sums owed under its insurance policy resulting from damages to their home caused by Hurricane Laura.

### JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Blaire Derouen, is a citizen of the State of Louisiana. Defendant, Fednat Insurance Company, is a foreign insurance company domiciled in the State of Florida. The unpaid losses due under Defendant's insurance policy, plus penalties, attorney's fees, costs, and expenses on top of those unpaid losses owed pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 exceed the sum of $75,000.00.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Blaire Derouen, is an adult resident of Lake Charles, Louisiana.

5.

Defendant, Fednat Insurance Company, is a foreign insurance company domiciled in the State of Florida and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Calcasieu Parish, Louisiana, with sustained winds of nearly 100 miles per hour and gusts of between 130 and 140 miles per hour.

8.

At the time of Hurricane Laura, and through the present, Blaire Derouen was and is still the owners of the home and property located at 4150 Benoit Ln. Lake Charles, LA 70605 ("the home").

9.

As a result of Hurricane Laura, the home sustained extensive damage rendering it uninhabitable. The contents and other structures of the home also sustained significant damages.

10.

At the time these damages were sustained due to Hurricane Laura, Blaire Derouen had in full force and effect a policy of insurance with Fednat providing coverage for all of the losses sustained by her to the home, other structures, and contents, and additional living expenses.

11.

On August 27, 2020, Blaire Derouen reported her losses to Fednat resulting from Hurricane Laura and made a claim for payment of those losses.

12.

On August 31, 2020, an adjuster retained and/or employed by Fednat inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine plaintiff's losses caused by Hurricane Laura without any limitations.

13.

The payments made to date by Fednat to plaintiff are woefully inadequate to cover the costs to repair to the damages to the home and its other structures caused by Hurricane Laura, which damages were clearly visible to the adjuster retained and/or employed by Fednat at the time

of the adjuster's inspection, and do not adequately compensate her for the loss of use of her home.

14.

Because of Fednat's failure to adequately tender payments caused by Hurricane Laura, plaintiff has not been able to substantially conduct repairs to her home and compensate her for the loss of use of her home, causing her mental anguish.

15.

On October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana with sustained winds of 100 mph which was 12 miles east of where Hurricane Laura made landfall.

16.

At the time these damages were sustained due to Hurricane Delta, Blaire Derouen had in full force and effect a policy of insurance with Fednat providing coverage for all of the losses sustained by her to her home, other structures, and contents, as well as for debris removal and additional living expenses.

17.

On October 10, 2020, Blaire Derouen reported additional losses to Fednat arising from damages exacerbated by Hurricane Delta.

18.

Shortly after Hurricane Delta, an adjuster retained and/or employed by Fednat inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Blaire Derouen's losses caused by Hurricane Delta without any limitations.

19.

The payments made to date by Fednat to plaintiff are woefully inadequate to cover the costs to repair to the damages to the home and its other structures caused by Hurricane Delta, which damages were clearly visible to the adjuster retained and/or employed by Fednat at the time of the adjuster's inspection, and do not adequately compensate them for the loss of use of her home.

20.

Because of Fednat's failure to adequately tender payments for damages caused by Hurricane Delta, plaintiff has not been able to substantially conduct repairs to her home and compensate her for the loss of use of her home, causing her mental anguish.

## CAUSES OF ACTION AND DAMAGES

### A. THE INSURANCE POLICY

21.

Blaire Derouen reiterates and incorporates by reference all allegations in Paragraphs 1-20 above.

22.

The damages to the home caused by Hurricane Lauran and Hurricane Delta greatly exceed the amounts estimated and paid by Fednat.

23.

Blaire Derouen is entitled to recover from Fednat the full cost of repairs of the home and other structures, less the inadequate payments made to date by Fednat, in accordance with the insurance coverages she purchased from Fednat.

24.

Blaire Derouen is also entitled to recover for unpaid and/or underpaid contents, additional living expenses, and debris removal in accordance with the insurance coverages she purchased from Fednat.

25.

Blaire Derouen is entitled to recover from Fednat for the full losses they suffered due to Hurricane Laura and Hurricane Delta under each of the insurance coverages she purchased from Fednat.

### B. PENALTIES AND ATTORNEY'S FEES

26.

Blaire Derouen reiterates and incorporates by reference all allegations in Paragraphs 1-25 above.

27.

Pursuant to Louisiana Revised Statute 22:1892, Fednat was required to unconditionally tender payment to Blaire Derouen for the losses not reasonably subject to dispute caused by Hurricane Laura and Hurricane Delta within 30 days of Fednat's receipt of satisfactory proof of loss when its adjusters inspected the home. Fednat failed to do so.

28.

La. R.S. 22:1892 further required Fednat to re-evaluate Blaire Derouen's claims and to tender additional unconditional payments to her each time Fednat received additional information concerning the losses sustained by her due to Hurricane Laura and Hurricane Delta. Fednat failed to do so.

29.

Pursuant to La. R.S. 22:1892, Fednat is liable to Blaire Derouen for a penalty of 50%, in addition to the amount of the loss, on the amount due from Fednat, as well as reasonable attorney's fees and costs, for Fednat's failure to unconditionally tender the amounts owed to Blaire Derouen within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

30.

Pursuant to La. R.S. 22:1973A, Fednat is additionally liable to Blaire Derouen for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Fednat's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Blaire Derouen within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

31.

Pursuant to La. R.S. 22:1973C, in addition to actual damages for its breaches of the statute, Fednat is additionally liable to Blaire Derouen for a penalty of the up to two times the actual damages she sustained or five thousand dollars, whichever is greater.

## REQUEST FOR RELIEF

32.

WHEREFORE, plaintiff, Blaire Derouen, prays that, after due proceedings are had, that there be a judgment rendered herein in plaintiff's favor and against defendant, Fednat Insurance Company, for the full amounts due under the terms of the coverages provided by defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,

THE TOWNSLEY LAW FIRM

BY:   *s// Jackson T. Brown*
      JACKSON T. BROWN, LSBA Bar Roll #36397
      HANNAH E. MAYEAUX , LSBA Bar Roll #39275
      3102 Enterprise Boulevard
      Lake Charles, LA  70601
      Telephone:   (337) 478-1400
      Facsimile:   (337) 478-1577
      Email: jtbrown@townsleylawfirm.com
      hannah@townsleylawfirm.com
      ATTORNEYS FOR PLAINTIFF, BLAIRE DEROUEN

**PLEASE SERVE**

**FEDNAT INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA  70809**