UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BLAIRE DEROUEN** | : | **DOCKET NO. 2:21-CV-03978** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDNAT INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is an Ex Parte Motion for Leave to Intervene [doc. 11] filed by Louisiana Insurance Guaranty Association ("LIGA"). For reasons set forth below, the court finds that the motion should be **DENIED**.

Plaintiff's complaint alleges that Hurricane Laura and Hurricane Delta damaged her Lake Charles home on August 27, 2020, and October 9, 2020, respectively. Doc. 1. During this time, plaintiff had an insurance policy on her home with defendant FedNat Insurance Company ("FedNat"). *Id.* Plaintiff filed the instant lawsuit for breach of contract, claiming defendant acted in bad faith and provided inadequate payments for the damage sustained during the hurricanes. *Id.* at 21–31. On October 3, 2022, a "Notice of Filing of Consent Order of Liquidation, Notice of Automatic and Permanent Stay as to FedNat Insurance Company" was filed on behalf of FedNat. Doc. 10.

Through the instant motion, LIGA seeks to intervene in this case as an intervenor of right. Doc. 11, ¶ 3. LIGA claims it is the statutory obligor for claims asserted against certain insurance policies issued by the insolvent insurer. *Id.* at ¶ 1. In a similar case, the court ordered LIGA to brief the issue of how its intervention would affect our subject matter jurisdiction, gave plaintiff

an opportunity to reply, and ultimately determined, as we do now, that LIGA does not have an interest to protect that would allow LIGA to intervene.[1]

Though LIGA fails to mention any federal-law basis for its proposed intervention, we will analyze the instant motion under the applicable federal-law standard. Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). "A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding proposed intervenor did not have sufficient interest for purposes of intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest).

In analyzing LIGA's assertion that it is an intervenor of right, we first determine whether LIGA has a "direct, substantial, and legally protectable" interest in the transaction that is the subject of this litigation. *Ross*, 426 F.3d at 757 (brackets removed). LIGA claims its interest in the litigation arises from Louisiana Revised Statutes 22:2058(B)(3), which allows LIGA to sue or be sued and includes a "right to intervene as a party." However, this Louisiana statute grants a right to intervene in Louisiana state courts, not federal courts.

LIGA also asserts that its interest arises from its status as statutory obligor for damages that constitute a covered claim. Doc. 11, ¶ 1. Under Louisiana Revised Statutes 2058(A), LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not become

---

[1] *See, e.g.*, *McDaniel v. Weston Specialty Insurance Co.,* No. 2:21-cv-04380, Doc. 26 (1/26/23).

insolvent" to the extent of LIGA's obligations on the "covered claims." La. R.S. 22:2058(A)(2). The cited statute creates an obligation for LIGA but does nothing to explain what interest LIGA would have in this litigation, one in contract by an insured against her insurer. In fact, the Louisiana Supreme Court has held that a plaintiff's claim against LIGA vests at the time the insurer becomes insolvent rather than at the time the covered event occurred. *Rivet v. Huntington Ingalls Inc.*, No. CV 22-2584, 2022 WL 16529550, at *3 (E.D. La. Oct. 28, 2022) (citing *Prejean v. Dixie Lloyds Ins. Co.*, 660 So. 2d 836, 837 (La. 1995)). Thus, LIGA's obligations and rights under the statute did not arise until after the institution of this matter, when FedNat was declared insolvent. *See* doc. 10. Because LIGA had no link to this litigation when the suit was filed, it has no interest implicated in the complaint to protect and is not an intervenor of right. We note that LIGA appealed a similar conclusion to the district court in *McDaniel v. Weston Specialty Insurance Company*, and the district court affirmed our ruling, finding our conclusion—that LIGA had no interest in the action and was not an intervenor of right—correct. Memorandum Ruling, *McDaniel*, No. 2:21-cv-04380 (W.D. La. Apr. 19, 2023).

      Of greater concern is that, if it was an intervenor of right, LIGA's intervention in this matter would destroy our subject matter jurisdiction. Plaintiff, a Louisiana citizen, filed suit in this court based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, ¶¶ 1–2. LIGA is also a Louisiana citizen. *See Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen.")). An intervention of right by a non-diverse intervenor defeats diversity jurisdiction. *See Dixie Brewing Co., Inc. v. U.S. Dept. of Veterans Affairs*, 952 F. Supp. 2d 809, 816 (E.D. La. 2013) (listing cases supporting the finding that a nondiverse intervenor's intervention of right defeats diversity jurisdiction).

Despite not being an intervenor of right, LIGA can become a party to this litigation but that must be by action taken by plaintiff to substitute LIGA for the insolvent insurer. *See Hale v. America's Ins. Co.*, No. 21-cv-2902 (W.D. La. Jan. 25, 2023) (Memorandum Order on motion to substitute) (granting plaintiff's Motion to Substitute LIGA for FedNat pursuant to Federal Rule of Civil Procedure 25(c)). As we note above, LIGA's obligations and rights under the statute did not arise until after the institution of this matter, i.e., when FedNat was declared insolvent. In *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, the United States Supreme Court held that the substitution of a non-diverse, non-indispensable party who "had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced" does not defeat diversity jurisdiction. 111 S.Ct. 858, 860 (1991).

For the foregoing reasons, it is

**ORDERED** that LOUISIANA INSURANCE GUARANTY ASSOCIATION's Ex Parte Motion for Leave to Intervene [doc. 11] be **DENIED**.

THUS DONE AND SIGNED in Chambers this 27th day of April, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE